Alan R. Ackerman, Esq. (AA9730)
Law Offices of Alan R Ackerman
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
(973) 898-1177
araesq@alanackermanlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASHMIR GILL, Individually,<br><br>                              Plaintiff,<br><br>v.<br><br>JUS BROADCASTING CORP; JUS PUNJABI, LLC; JUS ONE, CORP.; JUS BROADCASTING CORP PVT LTD; and PENNY SANDHU<br><br>                              Defendants. | CASE NO: 3:19-CV-06742-FLW-TJB<br><br>*File Electronically*<br><br>RETURN DATE: JULY 1, 2019 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT ON THE BASIS OF LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) AND IMPROPER VENUE PURSUANT TO FED. R. CIV. 12(b)(3)**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................... II

Preliminary Statement ................................................................................................ 1

Statement of Facts Relevant to Jurisdiction and Venue .................................................. 1

Legal Arguments ......................................................................................................... 4

    Legal Point I ......................................................................................................... 4

        The Court Can Exercise Specific Jurisdiction And Personal Jurisdiction in this Matter ............................................................................................................... 4

    Legal Point II ........................................................................................................ 8

        Venue is Proper in this Court ............................................................................ 8

Conclusion ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Burger King Corp. v. Rudzewicz*, 471 US 462 (1985) ...................................................... 5, 6

*International Shoe Co. v. Washington*, 326 US 310 (1945) ................................................. 5

*Keeton v. Hustler Magazine, Inc.*, 465 US 770 (1984) .......................................................... 7

*Linus Holding Corp. v. Mark Line Indus., LLC*, Civ. No. 16-3694(FLW), ___ F.Supp. 3d. ___, 2019 WL 1326893 (DNJ Mar. 25, 2019) ................................................................. 5, 6

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324 (3d Cir. 2017) ................................... 5

*Schaffer v. Heitner*, 433 US 186 (1977) ................................................................................ 8

**State Cases**

*Label v. Everglades Marina, Inc.*, 115 NJ 317 (1989) .......................................................... 7

**Federal Statutes**

28 U.S.C. §1391(b)(2) ............................................................................................................ 8

**PRELIMINARY STATEMENT**

Plaintiff's Complaint has its genesis in the fraud committed by Defendant, Penny Sandhu, individually in on behalf of entity Defendant's by inducing Plaintiff, Kashmir Gill, to invest over $2 million with Defendant entities upon the promise that the investment would be converted to a 50% membership/stock ownership interest in each entity. This court has original jurisdiction pursuant to 28 U.S.C. §1332 as a result of the complete diversity of the parties and the amount in controversy exceeds $75,000.00. The Plaintiff is domiciled at 51 Station Road, Morganville, New Jersey 07751. Penny Sandhu resides at 429 Pine Street, Freeport, New York 11520. The entity Defendants have their principal address at 36-01 36th Ave, Long Island City, NY 11101, and admittedly do not have any offices in New Jersey. Venue is properly placed in the district of New Jersey. The Defendants acknowledge that this Court has subject–matter jurisdiction (Fed. R. Civ. P. 12(b)(1)). However, they claim that this Court lacks Personal Jurisdiction (Fed. R. Civ. P. 12(b)(2)) and oppose venue in New Jersey (Fed. R. Civ. P. 12(b)(3)).

**STATEMENT OF FACTS RELEVANT TO JURISDICTION AND VENUE**

The facts underlying the defenses raised by Defendants in their motion fail to meet the standards which must be met in order to prevail on a personal jurisdiction or improper venue defense. In fact, the facts raised by Penny Sandhu in her affidavit support this Court exercising jurisdiction pursuant to Fed. R. Civ. P. 1332. Defendants acknowledge that they are domiciled in New York, while Plaintiff is domiciled in New Jersey. Defendants claims that having no bank accounts or offices in New Jersey is insufficient to deny venue and personal jurisdiction. Case law mandates that this Court focus on Sandhu's contacts with Plaintiff in the State of New Jersey, the numerous

occasions she solicited investment funds from Kashmir Gill. Defendants ignore the fact that Penny Sandhu came to New Jersey to our numerous occasions negotiate and finalize the Defendant entity partnership plans with Plaintiff. (Gill Aff. ¶4). Defendant ignores the fact that Penny Sandhu regularly telephoned and visited plaintiff in New Jersey to request and receive all needed investments and monies from Plaintiff. (Gill Aff. ¶¶12, 14, 18). Sandhu omits any reference to the email which she sent to Kashmir Gill requesting him to attest in writing that his "… long-term debt $... carried on the books of jus Punjabi LLC is converted to capital stock and accordingly stock certificate is issued." (Gill Aff. ¶17) or the dollar bill signed by both Sandhu "partnership for life 03/04/2013" (Gill Aff. ¶16).

For several years, Jus Punjabi has solicited advertising from New Jersey businesses. (Gill Aff. ¶20) The Jus Punjabi website lists several current and former New Jersey advertisers. (Gill Aff. ¶20). Gill's Affidavit lists several other businesses all of which have been solicited by defendant in New Jersey to advertise on the Jus Punjabi broadcasting network (Gill Aff. ¶20).

Sandhu's statements (Sandhu Decl. ¶12). that neither she nor the Defendant entities ever had any partners is false. She conveniently forgets the fact that Jus Punjabi LLC entered into two partnership agreements. The first was with Lakhvinder Singh thru his wife, Parveen Gujral, granting 38% membership units in Jus Punjabi LLC and giving 2% each to Parungandoor Ranganathan and Dr. Sujit Chakraborty in 2006. (Gill Aff. ¶7). Thereafter, the Parveen Gujral units were conveyed to Karl Khandalawala in 2009 (Gill Aff. ¶8).  Sona Realty was thereafter granted a 10% interest in Jus Punjabi LLC. (Gill Aff. ¶11). Sandhu and the Defendant entities did not raise necessary funds

from Sandhu's savings and advertising revenue. (Id.). To the contrary, Sandhu raised all necessary funding by using other people's money, offering them an ownership interest in the defendant entities and then forcing a sale at a discount. Sandhu used this ploy on three occasions which are documented in Gill's Affidavit. He will not allow Sandhu to come to New Jersey, take his money, and then claim she has no contacts with this state.

Jus Punjabi induced Gill to order and pay for $400,000 of broadcast equipment, in its name, for the Jus Punjabi Studios. (Gill Aff. ¶14). All cameras computers and other equipment were delivered to Gill's offices in New Jersey. (Gill Aff. ¶14). The broadcast equipment was then trucked to the Jus Punjabi studios (Gill Aff. ¶14). Gill regularly conducted Jus Punjabi business from his offices in New Jersey. As set forth in the complaint, (Gill Aff. ¶15). Plaintiff solicited television personalities, contracts with cable broadcasting providers, negotiated contracts and conducted Jus Punjabi business both within the United States and in India. All of his efforts emanated from his offices in New Jersey. (Gill Aff. ¶15). Jus Punjabi seeks to reap the benefit of Gill's efforts which were conducted in New Jersey and then deny never transacted any business out of this state.

Sandhu's statement that all necessary funding prior to receiving monies from Plaintiff was generated from her savings and advertising revenue is contradicted by Defendants documents previously supplied to Plaintiff and which are annexed to his Affidavit. (Gill Aff. ¶¶6-11). Sandhu's statement that the Defendant entities never solicited advertising from New Jersey businesses is contradicted by the Jus Punjabi LLC website along with the statements contained in Plaintiff's Affidavit (Gill Aff. ¶20).

Prior to instituting this litigation, Gill attempted to resolve the matter directly with Penny Sandhu and through Paul Batista, Esq. who occasionally represented Jus Punjabi and also represented Plaintiff. (Gill Aff. ¶3). Gill explained to Batista the history of Jus Punjabi and its former members whose interests were purchased with other people's money always at a loss. (Gill Aff. ¶3). Gill explained to Batista Sandhu's repeated proposals of partnership, and Gill's efforts on behalf of Jus Punjabi from his offices in New Jersey. (Gill Aff. ¶3). Paul Batista, Esq. initially sided with Plaintiff and provided advice. Clearly his efforts were unsuccessful.

Clearly, the Defendant's motion is a desperate attempt to move this litigation across the Hudson River, despite the fact that that the Jus Punjabi transmission signal is broadcast throughout New Jersey and regularly solicits New Jersey advertisers.

## LEGAL ARGUMENTS

### LEGAL POINT I

<u>THE COURT CAN EXERCISE SPECIFIC JURISDICTION AND PERSONAL JURISDICTION IN THIS MATTER</u>

Defendants' Motion improperly interprets all major historical case law. Absent *Pennoyer v. Neff*, 95 US 714 (1877), Defendants' brief attempts to use several cases attempting to create a tortured analysis to redefine specific jurisdiction and personal jurisdiction including, *Burger King Corp. v. Ruzewicz*, 471 US 462 (1985); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 US 915; *International Shoe Co. v. Washington*, 326 US 310 (1945); *Shafer v. Heitner*, 433 US 186 (1977); and *World-Wide Volkswagen Corp v. Woodson*, 444 US 286 (1980). Unfortunately for Defendants, their analysis does not pass muster as it conflates personal jurisdiction and specific jurisdiction.

Plaintiff concedes that New Jersey's long-arm jurisdiction law is to the extent permitted by the U.S. Constitution. (*see Linus Holding Corp. v. Mark Line Indus., LLC*, Civ. No. 16-3694(FLW), ___ F.Supp. 3d. ___, 2019 WL 1326893, *3 (DNJ Mar. 25, 2019) "'New Jersey's long-arm statute allows 'the exercise of personal jurisdiction to the fullest limits of due process,' [the Court must] 'look to federal law for the interpretation of the limits on personal jurisdiction.'" (*quoting Malik v. Cabot Oil & Gas Corp.,* 710 F.App'x 561, 563 (3d Cir. 2017) (*quoting IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998))) [alteration in original]. Therefore, it becomes necessary to perform a personal jurisdiction analysis. When performing a personal jurisdiction analysis, "'[i]t is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff.'" (*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2017)) (alteration in original) (*quoting Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).

Personal Jurisdiction is a two-prong test. The first prong is: does the defendant have minimum contacts with the forum state. If the answer is yes, the Courts can exercise personal jurisdiction after successfully responding to the second prong: Would exercising personal jurisdiction over the defendant comport with the notions of "fair play and substantial justice". *International Shoe Co. v. Washington*, 326 US 310, 320 (1945) (*see also Burger King Corp. v. Rudzewicz*, 471 US 462, 476 (1985) "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and

substantial justice.'" (citation omitted)). "'Following *International Shoe*, 'the relationship among the defendant, the forum, and the litigation became the central concern of the inquiry into personal jurisdiction.'" (*Linus Holding*, *supra*, 2019 WL 1326893 at *3) (*quoting Daimler AG v. Bauman*, 571 US 117, 126 (2014) (*quoting Shaffer v. Heitner*, 433 US 186, 294 (1977)).

*Rudzewicz* acknowledged that "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there . . . ." (*Rudzewicz*, 471 US at 476). *Rudzewicz* also acknowledged that "a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business conducted." (*Id*.). The Court recognized the changing business climate in 1985, before the proliferation of cell phones, e-mail, video chat, webcasting, and other means of communication that permit two actors to be on separate continents and continue to transact business.

Here, the Defendants did more than just maintain minimum contacts with the forum state. As established in the Complaint and throughout Gill's affidavit, Defendant Sandhu sought out Plaintiff as an investor. (*Plaintiff's Complaint* ¶24-25). Defendants were so in need for money, that Sandhu "**went** to an Indian restaurant called "Akbar" **in Edison, New Jersey** to pick up the check." (*Id*. ¶25). For several years, Plaintiff transacted Jus Punjabi business from his offices in New Jersey. He negotiated contracts, he transacted business with Jus Punjabi vendors, he sought out and hired television personalities as well as cameraman and other employees for Jus Punjabi. Defendant Sandhu, individually, and as a representative for the other Jus Defendants

regularly travelled to the New Jersey to transact Jus Punjabi business with Gill, and obtain his counsel and most importantly to finalize the terms of the Gill's partnership agreement. (*Id.* ¶25).

Defendant Sandhu regularly contacted Plaintiff seeking additional monies for Defendants' business needs. (*Id.* ¶26). Plaintiff again and again sent money to the Defendants from New Jersey to New York. Plaintiff, a New Jersey resident, again met with Defendant Sandhu in November 2011 in New Jersey. (*Id.* ¶27). In an attempt to entice Plaintiff to invest in Defendants, Defendant Sandhu forwarded to Plaintiff's brother, in New Jersey, Defendants' financials to determine if Plaintiff would invest in Defendant Corporations. (Gill Aff. ¶6) and (*Plaintiff's Complaint* ¶28). Plaintiff acted as business advisor, lender and investor. Plaintiff's actions on behalf of Jus Punjabi emanated in New Jersey. Defendants knew and benefited from his actions. Defendant Sandhu continually telephoned and visited Plaintiff in Matawan, New Jersey on several occasions to conduct Jus Punjabi business with her business partner in person.

In *Label v. Everglades Marina, Inc.*, 115 NJ 317, 322 (1989) the Court held "[i]f the cause of action relates directly to the contacts . . . it is one of 'specific jurisdiction.'" In *Keeton v. Hustler Magazine, Inc.*, 465 US 770, 773-74 (1984), the Supreme Court reversed the Court of Appeals holding that "[r]espondent's regular circulation of magazines in the forum State is sufficient to support an assertion of jurisdiction in a libel action based on the contents of the magazine." That is the situation in the matter now before the Court. Defendants committed its civilly unlawful acts in the State of New Jersey on a New Jersey resident. Defendants accepted investments and loans from Plaintiff in New Jersey. Plaintiff is now suing Defendants on said investments and

loans made in New Jersey. (*see also Schaffer v. Heitner*, 433 US 186, 204 (1977) "the relationship among the defendant, the forum, and the litigation . . . became the central concern of the inquiry into personal jurisdiction.")

Defendants had more than minimum contacts with New Jersey. One of its Partners resides in the State of New Jersey. Gill loaned and invested monies with Defendants, negotiated contracts for Defendants, and conducted business on behalf of Defendants in New Jersey. Plaintiff now sues Defendants on those investments and loans and Plaintiff's actions benefiting Defendants. The Court can properly exercise specific and personal jurisdiction over the Defendants.

### LEGAL POINT II
<u>VENUE IS PROPER IN THIS COURT</u>

Defendants' second contention is a red herring. First, Plaintiff's complaint establishes Venue by way of complete diversity of the parties in an amount exceeding $75,000.00, exclusive of interests and costs (28 U.S.C. §1332). (*Plaintiff's Complaint* ¶1). Defendants motion fails to address this. Instead, Defendants' motion challenges venue pursuant to 28 U.S.C. §1391(b), specifically, 28 U.S.C. §1391(b)(2).

28 U.S.C. §1391(b)(2) requires that either "a substantial part of the events or omissions giving rise to the claim occurred" in the Venue. As establish, *supra*, in Legal Point I, the events giving rise to the present claim occurred in New Jersey. Defendant Sandhu, individually, and as a representative of Defendants visited New Jersey on several occasions to discuss business with Plaintiff. Defendant Sandhu provided financial information to Plaintiff and Plaintiff's brother, Plaintiff transacted business on behalf of Defendants from New Jersey. Plaintiff now sues Defendants under the Federal RICO Statutes, as well as Breach of Fiduciary Duty, Fraud, Accounting, Breach

of Contract, Promissory Estoppel, Conversion, Deceit, Dissolution of Defendant Entities, Unjust Enrichment, and Piercing the Corporate Veil on events that occurred in the State of New Jersey.

New Jersey has one Federal District Court. The District Court sits in three (3) locations, Newark, Trenton, and Camden. All events occurred in and around Edison, New Jersey, which is situated in Middlesex County. Trenton, situated in Mercer County, is the proper venue for this action as it is in close proximity to both the events that occurred, the Plaintiff's residence and business, and where the meetings between Plaintiff and Defendant Sandhu occurred.  No one is prejudiced by having the venue situated in the District Court of New Jersey. This is nothing more than a ploy by the Defendants to unnecessarily waste the Court's time and resources.

All of these claims arose out of actions that occurred between Plaintiff and Defendants, wherein Defendant Sandhu sought out the assistance of Plaintiff, a New Jersey resident, both by electronic means, and by visiting Plaintiff and Plaintiff's representative in New Jersey. Venue is proper in the District Court of New Jersey. Defendants established a willingness to avail itself of New Jersey when they sought money from Plaintiff. Plaintiff is now suing to recover from the Defendants' actions all of which occurred in New Jersey. Now that a lawsuit is involved, the bridges and tunnels apparently are too long to traverse.

## CONCLUSION

For the aforementioned reasons, the Court should deny Defendants' Motion.

                    LAW OFFICES OF ALAN ACKERMAN

BY:    */s/ Alan R. Ackerman*
           ALAN R. ACKERMAN, ESQ.
           1719 Route 10 East, Suite 106
           Parsippany, New Jersey 07054
           T. (973) 898-1177
           F. (973) 898-1230
           araesq@alanackermanlaw.com