Michael Farhi, Esq.
**KATES NUSSMAN ELLIS**
**FARHI & EARLE, LLP**
190 Moore Street, Suite 306
Hackensack, New Jersey 07601
(201) 488-7211 (T)
mfarhi@nklaw.com

*Attorneys for Jus Broadcasting Corp.,*
*Jus Punjabi, LLC, Jus One Corp.,*
*Jus Broadcasting Corp. Pvt Ltd., and*
*Penny Sandhu*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASHMIR GILL,<br><br>Plaintiff,<br><br>v.<br><br>JUS BROADCASTING CORP., JUS PUNJABI, LLC, JUS ONE CORP., JUS BROADCASTING CORP. PVT LTD. and PENNY SANDHU<br><br>Defendants. | CIVIL ACTION NO.: 3:19-cv-06742 FLW–TJB<br><br>***FILED ELECTRONICALLY***<br><br>**RETURN DATE: July 1, 2019**<br><br>**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT ON THE BASIS OF LACK OF PERSONAL JURISDICTION PURSUANT TO FED.R.CIV.P.12(b)(2) AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3)** |

## **Table of Contents**

                                                                    **Page**

Preliminary Statement…………………………………………………….…………1

Argument…………………………………………………………………………….3

    I. There Is No Basis for the Assertion of Jurisdiction
      Over Any of the Defendants……………………………………………….3

      A. The General Standards………………………………………………3

      B. Gill's Baseless "Specific Jurisdiction" Contention ………………………4

      C. The Inapplicability of the "Stream of Commerce" Theory……………6

    II. Venue Does Not Exist in this District……………………………………..8

Conclusion…………………………………………………………………………...9

## Table of Authorities

**Cases**                                                                  **Page**

*Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).........1

*J. McIntyre Machinery, Ltd.* v *Nicastro*, 564 U.S. 873, 131 S.Ct. 2780,
   180 L.Ed.2d 765 (2011) ...................................................................................................6

*Linus Holding Corp.* v. *Mark Line Industries, LLC*, 2019 WL 1326893 (D.N.J. 2019) ...........7

*Oticon, Inc.* v. *Sebotek Hearing Systems, Inc.*, 865 F. Supp. 2d 501 (D.N.J. 2011)...................3

*Pinker* v. *Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002).......................................1

### Statutes and Rules

18 U.S.C. §§ 1961 *et. seq.*.........................................................................................5

28 U.S.C. § 1391.......................................................................................................8

Fed. R. Civ. P. 12(b)(2).............................................................................................9

Fed. R. Civ. P. 12(b)(3).............................................................................................9

**Preliminary Statement**

Plaintiff Kashmir Gill ("Gill") has not met the burden he faces "of demonstrating the facts that establish personal jurisdiction." *Pinker* v. *Roche Holdings Ltd*, 292 F. 3d 361, 368 (3d Cir. 2002).

Stripped of their conclusory rhetoric, Gill's legal memorandum and his self-serving affidavit fail utterly to demonstrate that either defendant Penny K. Sandhu or the defendant entities she has owned and controlled for well over a decade – Jus Broadcasting Corp., Jus One Corp. and Jus Punjabi LLC (collectively, "Jus Punjabi")[1] – has ever had anything remotely like the types of minimal contacts with New Jersey that would justify the assertion of jurisdiction or that jurisdiction over any of the defendants comports with traditional principles of "fair play and substantial justice." *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Significantly, Gill does *not* deny that Ms. Sandhu and the entity defendants have not engaged in actual business or had a commercial presence in New Jersey. Instead, Gill ignores the fact that the motion asserts the absence of jurisdiction and venue in the courts of New Jersey and, instead, he dwells obsessively on his personal conviction that he is an "owner" of Jus Punjabi, *despite* the fact that he has never received a share certificate, a membership certificate, a signed partnership agreement or any kind of executed, legally cognizable indicia of ownership, control, or participation in the Jus Punjabi business.

---

[1] The other named defendant, Jus Broadcasting Corp. PVT Ltd., is an Indian entity that has no contact with New Jersey or any other jurisdiction in the United States – a fact even Gill implicitly concedes.

Gill apparently believes that a limited number of personal meetings he had with Ms. Sandhu in New Jersey somehow justifies the assertion of jurisdiction. Among many other additional failings by him as identified later in this reply memorandum and in the accompanying reply declaration of Ms. Sandhu ("Sandhu Reply Decl."), Gill even resorts to the silly subterfuge of annexing to his opposition affidavit a copy of a one dollar bill on which apparently are written the words that Ms. Sandhu and Gill are "partners forever." *See* Exhibit D to the Affidavit of Kashmir Gill filed May 20, 2019 ("Gill Aff.").

Equally absurd for jurisdictional and venue purposes, Gill annexes to his affidavit papers in which he is not even mentioned relating to an agreement among Lakhvinder Singh ("Singh"), Singh's wife, and Ms. Sandhu and the Jus Punjabi entities executed 13 years ago. That agreement was *not* negotiated in New Jersey and was not executed in New Jersey. The Singhs are not even alleged to be New Jersey residents. Moreover, as Ms. Sandhu testifies in her accompanying reply declaration, she long ago re-purchased from the Singhs their briefly held minority interest in Jus Punjabi. Likewise, that agreement was not negotiated or executed in New Jersey.

Equally absurd for the issues raised by this motion is Gill's assertion that equipment belonging to the Jus Punjabi defendants was very temporarily delivered to – but concededly not used – at his oil and energy facilities in New Jersey. According to Gill, that studio equipment was promptly "trucked" to New York, where it has remained as part of the facilities owned and utilized by Jus Punjabi.

2

In the final analysis, nothing in the record or in reality justifies the assertion of personal jurisdiction over these defendants, as both the facts and the relevant decisional law confirm, and likewise venue does not exist in this District.

## Argument

## I.

## THERE IS NO BASIS FOR THE ASSERTION
## OF JURISDICTION OVER ANY OF THE DEFENDANTS

### A.   The General Standards

As this Court itself emphasized in *Oticon, Inc.* v. *Sebotek Hearing Systems, Inc.*, 865 F. Supp. 2d 501 (D.N.J. 2011), the governing standards regarding the assertion of jurisdiction are familiar ones:

> "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Nuance Communications, Inc.* v. *Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). In this instance, the New Jersey long-arm statute establishes New Jersey's jurisdictional reach conterminous with that allowed under the U.S. Constitution, subject only to due process of law. *Miller Yacht Sales, Inc.* v. *Smith*, 384 F. 3d 93, 96 (3d Cir. 2004); *Wilson* v. *Paradise Village Beach Resort and Spa*, 395 N.J. Super. 520, 527, 929 A.2d 1122 (App. Div. 2007) (citing *Charles Gendler & Co., Inc.* v. *Telecom Equip. Corp.*, 102 N.J. 460, 469, 508 A.2d 1127 (1986). Thus, the central inquiry is whether the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." [*Oticon*, 865 F. Supp. 2d at 506, *quoting International Shoe Co.* v. *Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).]

This Court's opinion in *Oticon* itself not only summarized the familiar and controlling legal principles *but* also dismissed the action on jurisdictional grounds. This Court rejected jurisdiction despite the New Jersey plaintiff's assertion that the defendants

3

"solicited business in the State of New Jersey, regularly introduced articles into the stream of commerce that have been sold in the State of New Jersey, and have attempted to derive financial benefit from residents of the State of New Jersey, including benefits directly related to the instant cause of action set forth herein." *Oticon*, 865 F. Supp. 2d at 506. These are precisely the types of allegations advanced by Gill – and rejected by this Court.

**B.     Gill's Baseless "Specific Jurisdiction" Contention**

In reaching its conclusion in *Oticon*, this Court made important points that have a direct bearing on the Gill-Jus Punjabi dispute. Moreover, the Court's conclusions in *Oticon* reveal how unpersuasive the opposing memorandum's long discussion of "specific jurisdiction" is. Indeed, the Gill memorandum acts as if the words "specific jurisdiction" invoked some talismanic effect that resolved the jurisdictional issue completely in Gill's favor.

Nothing in the opposing memorandum – and certainly nothing in the record facts involved on this motion – negates the absence of jurisdiction, even given Gill's extended concentration on "specific jurisdiction."

> The inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have purposefully directed its activities at the forum state. *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A.* v. *Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Radio Sys. Corp.* v. *Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011). Finally, if the prior two requirements are met, the court *must* consider whether the exercise of jurisdiction would offend "[p]rinciples of fair play and substantial justice." *Radio*, 638 F.3d at

4

785. [*Oticon*, 865 F. Supp.2d at 510; emphasis in original and footnote omitted.]

As to the first of these elements, the record is clear that Ms. Sandhu and Jus Punjabi did not "purposefully" (*id.*) direct any of their activities at New Jersey. Jus Punjabi is a satellite broadcast network that serves the nation as a whole and elsewhere. Defendants' broadcast activities were not purposefully directed at New Jersey any more than they were directed at every other state.

With respect to the second prong of specific jurisdiction, there is no evidence that Gill's claims, especially his central, mystifying, and utterly insufficient claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, "arise[s]" (865 F. Supp.2d at 510) out of or "relate[s]" (*id.*) to any activities of defendants "purposefully directed" at New Jersey.[2]

In addition, of course, the "specific" jurisdiction theme on which Gill harps lacks every other key element articulated in *Oticon*. As this Court stressed, "[W]hat is necessary is a deliberate targeting of" New Jersey by defendants (865 F. Supp.2d at 511). Likewise, the "unilateral activity of those who claim some relationship with a nonresident defendant" is "insufficient."[3]

---

[2] "Mystifying" does not adequately convey the serious frivolousness of Gill's lawsuit as a whole and the extent to which Gill and his attorney have violated Rule 11 of the Federal Rules of Civil Procedure. Although the issue of plaintiff's and his counsel's blatant Rule 11 violation is not directly before the Court on the present motion, Ms. Sandhu and the Jus Punjabi defendants will at the appropriate time and pursuant to applicable procedures seek dismissal of Gill's prolix, frequently ungrammatical 51-page complaint, particularly its core allegation that defendants violated RICO. Simply put, the complaint is utterly deficient in its RICO allegations and in other key respects as well.

[3] *Id.* (quoting *Hanson* v. *Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

The fact that Gill is a resident of New Jersey and a man of apparently extreme wealth does not entitle him to drag the non-resident defendants into expensive litigation in New Jersey. Of essential importance here is that, as this Court stated in *Oticon* "[c]ontacts with [New Jersey] citizens that take place outside [New Jersey] are not purposeful contacts with the state itself." *Id*. Similarly, as this Court succinctly stressed in *Oticon*, the "jurisdictional nexus must also be the result of intentional conduct by the defendant and not merly random, fortuitous, or attenuated contacts." *Id.* (citation and quotation marks omitted).

**C.    The Inapplicability of the "Stream of Commerce" Theory**

Likewise unavailing to Gill are his references to the so-called "stream of commerce" theory. An array of cases ignored by Gill makes it clear that a defendant whose goods or services are available in all states of the nation cannot be subject to the jurisdiction of every state. *See, e.g., J. McIntyre Machinery, Ltd.* v. *Nicastro*, 564 U.S. 873, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011). The corporate defendant in *Nicastro* was a scrap-metal machinery manufacturer whose product was sold in New Jersey. Nicastro, the plaintiff, was injured by the machinery in New Jersey, where he resided, and he sued the out-of-state corporate defendant in New Jersey on a tort product liability theory.

The Supreme Court in *Nicastro* granted the corporate defendant's jurisdictional motion to dismiss. Even though the corporate defendant foresaw that its machinery was being placed in the "stream of commerce" and that its equipment floated on that national stream into New Jersey, just as it did or could have into every state in the

United States, the defendant was not subject to jurisdiction in New Jersey. As the Supreme

Court in *Nicastro* explained:

> [P]ersonal jurisdiction requires a forum-by-forum, or sovereign-by-sovereign, analysis. The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign so that the sovereign has the power to subject the defendant to judgment concerning the conduct. [*Nicastro*, 131 S.Ct. at 2789.]

Finally, it is, of course, bizarre that Gill and his counsel would rely on this

Court's recent March 25, 2019 decision in *Linus Holding Corp.* v. *Mark Line Industries, LLC*, 2019 WL 1326893 (D.N.J. 2019). Among other things, the simple, stark fact is that

this Court in *Linus* determined that there was *no personal jurisdiction* over the out-of-state

defendants. This Court reached that conclusion after articulating extensive reasons why the

plaintiff in *Linus* had failed to demonstrate any reason to pierce the corporate veil of the

out-of-state defendants. In reality, the Court's decision in *Linus* lends crucial support to the

reasons why Ms. Sandhu's and the Jus Punjabi defendants' motion should be granted.

As Ms. Sandhu has testified, Gill made hundreds of unannounced and

unwelcome visits to Jus Punjabi's offices in Long Island City. *See* Sandhu Reply Decl.

¶¶13-27. During at least one of his unwelcome intrusions into Ms. Sandhu's office, he

admitted that he regularly and secretly recorded his conversations with her (*id.*), and, after

engaging in physically intimidating conduct against her, he left in her office an operating

recording device disguised as a pen (*id.*). Gill in addition admitted that he surreptitiously

records conversations with many people, not just Ms. Sandhu.

Another point merits emphasis. Jus Punjabi is a media company whose

programs are available in every state of the United States, in Canada, and in the United

7

Kingdom. *Id.* ¶31. Like every satellite broadcast medium, Jus Punjabi relies on revenue

from advertisers. As she has testified:

> In fact, Jus Punjabi solicits advertisers from every state in the nation. *Crucially, the most recently available information discloses that only 3.57% of Jus Punjabi's current advertisers are located in New Jersey,* and those advertisers represent only a minimal amount of Jus Punjabi's total advertising revenue.
>
> Jus Punjabi has a staff that devotes itself to contacting any and all potential advertisers in the United States, Canada, the United Kingdom and elsewhere. [*See* Sandhu Reply Decl. at ¶¶33 and 34; reemphasis in original.]

The application of these principles to this case makes clear that it is not

appropriate for New Jersey to assert jurisdiction over Ms. Sandhu or the other defendants

under Fed. R. Civ. P. 12(b)(2).

## II.

## VENUE DOES NOT EXIST IN THIS DISTRICT

Gill does not seriously contest the absence of venue in this District. Even if

he possessed a plausible argument for venue – and he does not – the absence of venue is

clear simply as a matter of the application of the relevant statute. 28 U.S.C. § 1391(b) is

plain and straightforward and in itself establishes the absence of venue. The statute in

relevant part provides:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

8

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Given the facts of this motion, one need go no further than the statutory text to confirm the absence of venue.

### **Conclusion**

For the foregoing reasons, defendants respectfully request that their motion under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3) be granted in their entirety.

*Of Counsel and on the Brief:*
Michael Farhi

**KATES NUSSMAN ELLIS
FARHI & EARLE, LLP**
190 Moore Street, Suite 306
Hackensack, New Jersey 07601
(201) 488-7211 (T)
mfarhi@nklaw.com
*ATTORNEYS FOR*
*DEFENDANTS JUS BROADCASTING*
*CORP., JUS PUNJABI, LLC,*
*JUS BROADCASTING CORP. PVT LTD.*
*And PENNY SANDHU*

Dated: June 3, 2019

10